UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DON LUCIER, on behalf of
himself and those similarly situated,

CASE NO.:   3:15-cv-40-TCB

Plaintiff,

v.

OGNIO GRADING, INC., a Georgia Profit Corporation,
OGNIO MASONRY COMPANY, INC., a Georgia
Profit Corporation, OGNIO HOLDINGS, LLC, a Limited
Liability Company, and ROGER OGNIO, Individually,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DON LUCIER, on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, OGNIO GRADING, INC. ("OG"), a Georgia Profit Corporation, OGNIO MASONRY COMPANY, INC. ("OM"), a Georgia Profit Corporation, OGNIO HOLDINGS, LLC ("OH"), a Limited Liability Company, and ROGER OGNIO ("RO") individually, (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter

called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, entitled to damages under the common law doctrine of unjust enrichment and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Spalding County, Georgia.

5. At all times material hereto, OG was a Georgia Profit Corporation.

6. At all times material hereto, OG was engaged in business in Georgia, with its principal place of business in Fayette County, Georgia.

7. At all times material hereto, OM was and continues to be a Georgia Profit Corporation.

8. At all times material hereto, OM was and continues to be engaged in business in Georgia, with its principal place of business in Fayette County, Georgia.

9. At all times material hereto, OH was and continues to be a Limited Liability Company.

10. At all times material hereto, OH was and continues to be engaged in business in Georgia, with its principal place of business in Fayette County, Georgia.

11. At all times material hereto, RO was and continues to be a resident of Fayette County, Georgia.

12. At all times material hereto, RO owned and operated OG.

13. At all times material hereto, RO operated OM.

14. At all times material hereto, RO operated OH.

15. At all times material hereto, RO regularly held and/or exercised the authority to hire and fire employees of OG.

16. At all times material hereto, RO regularly held and/or exercised the authority to hire and fire employees of OH.

17. At all times material hereto, RO regularly held and/or exercised the authority to hire and fire employees of OM.

18. At all times material hereto, RO regularly held and/or exercised the authority to determine the work schedules for the employees of OG.

19. At all times material hereto, RO regularly held and/or exercised the authority to determine the work schedules for the employees of OM.

20. At all times material hereto, RO regularly held and/or exercised the authority to determine the work schedules for the employees of OH.

21. At all times material hereto, RO regularly held and/or exercised the authority to control the finances and operations of OG.

22. At all times material hereto, RO regularly held and/or exercised the authority to control the finances and operations of OM.

23. At all times material hereto, RO regularly held and/or exercised the authority to control the finances and operations of OH.

24. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of OG; (b) determine the work schedules for the employees of OG; and (c) control the finances and operations of OG, RO is an employer as defined by 29 U.S.C. 201 *et. seq.*

25. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of OM; (b) determine the work schedules for the employees of OM; and (c) control the finances and operations of OM, RO is an employer as defined by 29 U.S.C. 201 *et. seq.*

26. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of OH; (b) determine the work schedules for the employees of OH; and (c) control the finances and operations of OH, RO is an employer as defined by 29 U.S.C. 201 *et. seq.*

27. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

28. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

29. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

30. At all times material hereto, OM was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

31. At all times material hereto, OG was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

32. At all times material hereto, OH was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

33. At all times material hereto, OM was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

34. At all times material hereto, OG was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

35. At all times material hereto, OH was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

36. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

37. At all times relevant hereto, Defendants had more than two employees.

38. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including vehicles, hand tools, heavy machinery and other equipment.

39. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

40. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

41.   The additional persons who may become plaintiffs in this action are/were "dump truck drivers" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

42.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

43.   On or about September 12, 2012, Defendants hired Plaintiff to work as a non-exempt "dump truck driver."

44.   At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

45.   From at least September 12, 2012, and continuing through August 22, 2014, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

46.   Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40)

hours per week, as required by the FLSA.

47.  Defendants were unjustly enriched by accepting the benefit and value of off-the-clock work performed by Plaintiff because they failed to compensate Plaintiff for this work.

48.  Defendants have violated Title 29 U.S.C. §207 from September 12, 2012 through August 22, 2014, in that:

  a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

  b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  c. Defendants failed to maintain proper time records as mandated by the FLSA.

  d. Defendants have been unjustly enriched, by virtue of the fact that they have accepted work from Plaintiff, and those similarly situated to him, but failed to pay Plaintiff, and those similarly situated to him, at least their regular hourly rate for all such

hours worked.

49. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

50. Plaintiff re-alleges and reavers paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

51. From September 12, 2012, and continuing through August 22, 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

52. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

53. Specifically, Defendants have a company-wide policy whereby they do not pay hourly employees for all of their overtime hours, when they work in excess of forty (40) hours in a work week, by virtue of their failure to credit certain work at the beginning and end of each day as such.

54. At all times material hereto, Defendants failed and continue to fail to

maintain proper time records as mandated by the FLSA.

55. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

56. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

57. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

58. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

59. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours, by virtue of their failure to credit all time worked as such, as

required by the FLSA.

60. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT II
## UNJUST ENRICHMENT

61. Plaintiff reasserts and reincorporates by reference all allegations contained within paragraphs 1 through 60 above.

62. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as his overtime claims.

63. Plaintiff and all others similarly situated to him performed off the clock as referenced above.

64. Plaintiff and all others similarly situated dump truck drivers were not compensated for these hours.

65. Defendants knowingly accepted the dump truck drivers off the clock

work, but Defendants did not compensate Plaintiff for this work.

66. Defendants have been unjustly enriched as a result of their accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of the collective class' labor without proper compensation.

67. Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the dump truck drivers off the clock work where Plaintiff made at least the minimum wage for all hours worked, and thus is a claim entirely distinct from and unreliant on his FLSA claims.

68. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Straight time compensation under state law unjust enrichment for time spent working off the clock for those workweeks where Plaintiff and the class members made at least the minimum wage for all hours worked;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff pre-judgment interest;

g. Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "dump truck drivers" employed by Defendants within the past 3 years; and

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 3, 2015.

Respectfully submitted,

_____
ANDREW FRISCH, ESQ.
Georgia Bar No. 366105
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3013
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff

14