## AGREEMENT AND GENERAL RELEASE

### 1. Parties and Released Parties:

This document sets forth the terms and conditions of the Agreement and General Release ("Agreement") by and between Don Lucier ("Releasor") and Ognio Grading, Inc. ("the Company"). The term "Releasees" as used herein shall be defined as the Company, Ognio Masonry Company, Inc., and Ognio Holdings, LLC, and all of their corporate parents, subsidiaries, divisions, and affiliates, and all of their respective current and former officers, directors, officials, employees, shareholders, servants, agents, officials, insurers, and attorneys, including, but not limited to, Roger Ognio, Randy Ognio, Clyde Ognio, and Arleen Ognio, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally.

### 2. Separation of Employment:

A. Releasor acknowledges that his employment with the Company ended on August 29, 2014, and since then has been of no further force or effect.

B. Releasor agrees and covenants that Releasor has not and will not at any time apply or reapply for a position of employment with the Company or any of the Releasees.

C. Releasor acknowledges that if he ever seeks a job reference from the Company, he will direct that any such reference inquiry be made to Roger Ognio at (770) 996-8993. Releasor acknowledges that the response to any such reference inquiry will be limited to a statement of his job position, dates of employment, and wage history with the Company, and, when requested, Releasor's work-related drug testing and vehicle accident history with the Company.

### 3. Payment and Consideration:

A. Following the effective date of this Agreement, as provided for herein, the Company will pay to Releasor and Releasor's attorney a total payment of eight thousand and 00/100 dollars ($8,000.00), which will be paid and apportioned as follows:

   i. One check made payable to Don Lucier in the gross amount of one thousand five hundred eighty five and 00/100 dollars ($1,585.00), less all applicable taxes and withholdings required by law based on the current W-4 and G-4 documents on file with the Company as of the end of the Releasor's employment, in compensation for alleged unpaid wages and overtime to Releasor;

   ii. One check made payable to Don Lucier in the net amount of one thousand six hundred and eighty five and 00/100 dollars ($1,685.00), with no deductions or withholdings made, which is in compensation for one thousand five hundred eighty five and 00/100 dollars ($1,585.00) in liquidated damages to Releasor and one hundred and 00/100 dollars ($100.00) in compensation for Releasor's alleged claims of unjust enrichment and personal injuries, including any claims of emotional distress; and

   iii. One check made payable to Morgan & Morgan, PA in the net amount of four thousand seven hundred thirty and 00/100 dollars ($4,730.00), with no deductions or

B.  The checks set forth above will be mailed to Releasor's counsel, Andrew Frisch, via one-day delivery, to the address of 600 North Pine Island Road, Suite 400, Plantation, Florida 33324, within 10 business days of the effective date of this Agreement, as provided for herein.

C.  Releasor acknowledges and agrees that the payments set forth above representing unpaid wages, overtime, and liquidated damages fairly and fully compensate him for all overtime and other wages allegedly owed to him by the Company, and that they constitute full and complete payment of any unpaid overtime and other wages allegedly owed to him at the time of his execution of this Agreement.

### 4. Motion to Approve Settlement

A.  For and in consideration of the payments and benefits specified in paragraph 3, and other good and valuable consideration, Releasor agrees to dismiss with prejudice his Complaint and Demand for Jury Trial that is currently pending in the U.S. District Court for the Northern District of Georgia, Newnan Division, *Don Lucier v. Ognio Grading, Inc. et al.*, Civil Action File No. 3:15-cv-00040-TCB ("the Civil Action").

B.  Following their execution of this Agreement, Releasor and the Company agree to jointly file in the Civil Action the Joint Motion to Approve Settlement Agreement and Dismiss Claims, which is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

C.  This Agreement shall not become effective unless and until the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice. If the Court does not grant the Joint Motion or approve this Agreement or dismiss the Civil Action with prejudice for any reason, then this Agreement will become voidable by either party's option. Otherwise, this Agreement will become effective as of the date of the Court's entry of the order in the Civil Action approving the Joint Motion and this Agreement and dismissing the Civil Action with prejudice.

### 5. General Release:

A.  For and in consideration of the payments and benefits specified in paragraph 3, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity, whether known or unknown, which the Releasor ever had, now has, or may or might in the future have against the Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with:

(i)  the employment and/or termination of employment between Releasor and the Company;

(ii) deprivation of civil rights, unlawful acts of any kind, or discrimination, harassment, or retaliation under any federal, state, local, or common law, including, but not limited to, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and 42 U.S.C. § 1981;

(iii) unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act or any other federal, state, or local law;

(iv) breach of contract of any kind, either express or implied, written or verbal;

(v) retaliatory or wrongful discharge, negligence, breach of policy and/or public policy, bad faith discharge, negligent discharge, intentional or negligent infliction of emotional or mental distress, invasion of privacy, outrageous conduct, negligent hiring or retention, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

(vi) attorneys' fees, expenses, or costs pursuant to 42 U.S.C. § 1988 or as otherwise may be allowed by law, including pursuant to any statute, contract, or common-law claim; and

(vii) any and all other claims arising under law or equity that are asserted, or which could have been asserted, by Releasor against the Releasees, whether jointly or severally, in any other charge or claim and or any other alleged violation of any applicable law, rule, ordinance, regulation, or order.

B. Without limiting the generality of the foregoing, Releasor acknowledges and covenants that, in consideration for the payments and benefits specified in paragraph 3, and other good an valuable consideration, Releasor has knowingly and voluntarily relinquished, waived and forever released any and all rights, damages, and remedies that might otherwise be available to Releasor, including, without limitation, claims for contract or tort damages of any type, back pay, front pay, overtime compensation, emotional damages, mental damages, damages for anguish or anxiety, punitive damages, incentive pay, liquidated damages, special or consequential damages, lost benefits of any kind including, without limitation, pension, life insurance, vacation pay, disability insurance, sick pay, severance pay or medical insurance or benefits, recovery of attorneys' fees, costs, expenses of any kind, and reinstatement to a position of employment, reemployment, or employment with the Releasees at any time. Releasor agrees and covenants that he will not seek reinstatement, rehire, employment, or contractual relationship with any Releasee in the future.

### 6. Covenant Not To Sue:

Releasor agrees, covenants, and warrants to the Company that neither Releasor, nor any person, organization, or other entity acting on Releasor's behalf has or will: (a) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (b) participate in any way in any such suit or proceeding; or (c) execute, seek to impose, collect or recover upon, or

otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement. In the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against Releasor for any conduct arising prior to the effective date of this Agreement, Releasor further agrees and covenants to return to the Company upon receipt any sums paid to or otherwise received by Releasor pursuant to any such claim.

### 7. Non-Admission:

Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in paragraph 3, does not constitute any admission of liability or wrongdoing on the part of the Company or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly denied. The Company and Releasees specifically deny any liability to Releasor for any unpaid overtime, liquidated damages, or other alleged compensation due under the Fair Labor Standards Act or any other applicable wage payment law, but have entered into this Agreement solely for convenience and the avoidance of litigation. This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind, such being expressly denied.

### 8. Successors and Assigns:

This Agreement shall be binding upon Releasor and Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns. Releasor represents and warrants that she has not assigned, sold, or otherwise conveyed any claim released herein.

### 9. Entire Agreement, Modification, and Severability:

A. This Agreement constitutes the entire agreement between Releasor and the Company pertaining to those subjects contained herein and supersedes all prior and contemporaneous agreements, representations, and understandings.

B. This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by the Releasor and authorized representative of the Company.

C. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

### 10. Miscellaneous:

A. This Agreement is executed by Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of Releasor's claims. Releasor acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which Releasor

otherwise has no legal entitlement.

B.  Releasor acknowledges and agrees that he has had reasonable and sufficient time in which to consider whether or not he wishes to enter into this Agreement, and that his decision to do so is made knowingly, voluntarily, and without coercion. Releasor acknowledges that he has the right and opportunity to consult fully with legal counsel or any other advisor of his choice prior to signing this Agreement, and that Releasor is advised to consult with legal counsel prior to signing this Agreement. In that regard, Releasor acknowledges that, before signing this Agreement, Releasor has read and understands each paragraph herein.

C.  Releasor covenants that, except as required by law, and except for the requirement that this Agreement be filed with the Court for purposes of the Joint Motion and the Court's approval of this Agreement as set forth in paragraph 4, Releasor will not make any disclosure of any kind to any person or organization concerning this Agreement or its terms, the settlement discussions leading up to this Agreement, the sums and benefits paid as consideration for this Agreement, and the facts underlying Releasor's claims against the Company. Releasor further agrees that Releasor will not initiate discussions with others regarding the settlement of this matter and will not make statements to others that indicate, in any way, that Releasor was paid money as a part of the resolution of this matter. However, nothing herein shall be construed to prevent the Releasor from disclosing the amount and terms of settlement to Releasor's accountants, auditors, or attorneys for purposes of reviewing Releasor's financial records or preparing Releasor's tax returns, or from reporting the amount and terms of settlement to tax authorities or to any regulatory agency or court when required to do so by law or court order.

D.  Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement. Releasor agrees to pay, and acknowledges that he remains fully and solely liable to pay, all federal, state, and local taxes, if any, which are required by law to be paid with respect to this settlement, with the exception of any taxes normally born by an employer, for which the Company shall remain solely liable to pay.

E.  This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax and/or scanned signatures in lieu of original signatures are acceptable.

[THIS SPACE INTENTIONALLY LEFT BLANK –

SIGNATURES ON FOLLOWING PAGE]

**IN AGREEMENT HERETO**, Releasor and the below representative of the Company do hereby set their hand and seal.

_____  
Don Lucier (SEAL)

6-10-15  
Date

_____  
Roger Ognio (SEAL)  
President, Ognio Grading, Inc.

5/21/15  
Date

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DON LUCIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 3:15-CV-40-TCB |
| | ) |
| OGNIO GRADING, INC., | ) |
| OGNIO MASONRY COMPANY, INC. | ) |
| OGNIO HOLDINGS, LLC, | ) |
| and ROGER OGNIO, | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO APPROVE
## SETTLEMENT AGREEMENT AND DISMISS CLAIMS
## AND MEMORANDUM OF LAW IN SUPPORT

COME NOW, the Plaintiff and Defendants, and respectfully submit this Joint Motion to Approve Settlement Agreement and Dismiss Claims. The parties have reached a settlement agreement with respect to Plaintiff's claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), and now respectfully request that, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Court approve the Settlement Agreement and General Release attached hereto as Exhibit A and dismiss with prejudice Plaintiff's Complaint and this civil action in its entirety.

In *Lynn's Food Stores*, the Eleventh Circuit set forth two ways in which claims under the FLSA may be settled or compromised by employees. The first is through a payment of wages supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the district court. *Id.* at 1353-54. It is the second of these procedures the parties are following in this case.

Here, Plaintiff has asserted is his Complaint a claim for unpaid overtime wages in connection with his former employment with the Defendant, Ognio Grading, Inc. During the litigation of this case, Plaintiff and the Defendants have voluntarily exchanged documents related to this claim and engaged in settlement discussions based on their independent valuations of the case. The parties recognize that there is a legitimate dispute between them regarding the merits of Plaintiff's claim, but due to the uncertainties of litigation and the benefit to both parties in avoiding the expense and time associated with further litigation, they have agreed to settle this claim.

A copy of the Agreement and General Release executed by the parties is attached hereto as Exhibit A for the Court's review and approval. As set forth therein, the Defendant has agreed to make a total payment of $8,000.00 to Plaintiff

and Plaintiff's attorney, with $1,585.00 reflecting Plaintiff's claim for unpaid overtime wages, another $1,585.00 reflecting Plaintiff's claim for liquidated damages under the FLSA, and $100.00 reflecting Plaintiff's claims of unjust enrichment and personal injuries, including any claims of emotional distress. In addition, the Plaintiff will be paid $4,730.00 in compensation for his attorney's fees, costs, and expenses incurred in connection with his pursuant of claims against the Defendants.

The Plaintiff acknowledges these amounts fairly and fully compensate him for all overtime and other wages allegedly owed to him by the Defendants. In exchange for these payments, Plaintiff has agreed to a general release of claims against the Defendants and to dismiss his Complaint in this action with prejudice. All parties have been represented and advised by counsel at all times during this litigation and the course of their settlement negotiations.

WHEREFORE, the Plaintiff and Defendants respectfully request the Court granted this motion in its entirety and enter an order approving the Agreement and General Release executed by the parties and dismissing with prejudice Plaintiff's Complaint and this civil action in its entirety. A proposed Order is attached for the Court's convenience.

Respectfully submitted this _____ day of May, 2015.

| | |
|---|---|
| *s/ Andrew Frisch* | *s/ David A. Cole* |
| Andrew Frisch | David A. Cole |
| Georgia Bar No: 366105 | Georgia Bar No. 142383 |
| Morgan & Morgan, P.A. | Freeman Mathis & Gary, LLP |
| 600 North Pine Island Road | 100 Galleria Parkway |
| Suite 400 | Suite 1600 |
| Plantation, Florida 33324 | Atlanta, Georgia 30339-5948 |
| T: (954) 318-0268 | T: (770) 818-0000 |
| F: (954) 327-3013 | F: (770) 937-9960 |
| E: AFrisch@forthepeople.com | E: dcole@fmglaw.com |
| | |
| Counsel for Plaintiff | Counsel for Defendants |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DON LUCIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 3:15-CV-40-TCB |
| | ) |
| OGNIO GRADING, INC., | ) |
| OGNIO MASONRY COMPANY, INC. | ) |
| OGNIO HOLDINGS, LLC, | ) |
| and ROGER OGNIO, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Dismiss Claims. For the reasons herein, the motion is **GRANTED**.

In his Complaint, Plaintiff alleges a claim against Defendants for unpaid overtime wages pursuant to the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"). The parties have informed the Court that, after the voluntary production of documents related to this claim and negotiations through their attorneys, they have reached a settlement of this claim. Pursuant to *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), however, the Court is required to review the parties' settlement agreement.

In conducting this review, a district court must "scrutiniz[e] the settlement for fairness," and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 352-53. A settlement entered into in an adversarial context where both sides are represented by counsel throughout the litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

Here, the parties acknowledge there is a bona fide dispute regarding Plaintiff's claims. However, the parties represent that they have been able to reach a settlement agreement with respect to these claims, and the Plaintiff acknowledges that the amounts that are to be paid to him under the settlement agreement fairly and fully compensate him for all overtime and other wages allegedly owed to him by the Defendants, as well as for his attorney's fees incurred in connection with his claims. In exchange for these payments, Plaintiff has agreed to a release of claims against the Defendants and to dismiss his Complaint and this civil action in its entirety with prejudice.

The Court has reviewed the settlement agreement executed by the parties and, based on the contents therein and the representations of the parties, finds that the compromise reached is a fair and reasonable resolution of the dispute. Therefore, it is **ORDERED AND ADJUDGED** that the parties' Joint Motion to

Approve Settlement Agreement and Dismiss Claims is **GRANTED**, that the Court **APPROVES** the settlement agreement between the parties, and **ORDERS** that Plaintiff's Complaint and this civil action in its entirety is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this _____ day of _____, 2015.

_____
United States District Court Judge